UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **ALICE MANNING BOWERS** and **JOE BOWERS** **Plaintiff** | : | CIVIL ACTION NO: |
| **V.** | : | JUDGE JAMES D. CAIN |
| **STATE FARM FIRE AND CASUALTY COMPANY** **Defendant** | : | MAG. JUDGE KATHLEEN KAY |

## COMPLAINT FOR DAMAGES AND BREACH OF INSURANCE CONTRACT

**NOW INTO COURT**, comes Petitioners, **ALICE MANNING BOWERS and JOE BOWERS**, persons of the age of majority whose residence and domicile is in the Parish of Calcasieu, State of Louisiana, with respect represents:

1.

Made Defendant herein is, **STATE FARM FIRE AND CASUALTY COMPANY,** a foreign insurance company, domiciled in Illinois, whose mailing address is One State Farm Plaza, Bloomington, Illinois, authorized to do and doing business in the State of Louisiana, which may be served through its registered agent for service of process, the Secretary of State of Louisiana, 8585 Archives Avenue, Baton Rouge, Louisiana 70809.

2.

Subject matter jurisdiction of this action is based upon 28 U.S.C. § 1332 and complete diversity, as Petitioner's claim is in excess of $75,000.00, Petitioner is domiciled in the State of Louisiana, and Defendant insurer is domiciled in the State of Illinois; further, venue for this action

is proper within the Western District of Louisiana, Lake Charles Division, as a substantial part of the events or omissions giving rise to the claim occurred within the Federal District Court for Western District of Louisiana, and Petitioner's immovable and movable property, the subject of the claim, was/is located within the Western District of Louisiana in accord with 28 U.S.C. § 1391(b)(2).

3.

Defendant, **STATE FARM FIRE AND CASUALTY COMPANY**, intentionally, purposefully, and voluntarily contracted in Louisiana to provide structure and contents insurance coverage to Petitioner for damage occurring from a hurricane event such as Hurricane Laura. **STATE FARM FIRE AND CASUALTY COMPANY** does a substantial amount of business in Louisiana, purposefully conducts business within the State of Louisiana, derives substantial revenues from its purposeful business activities in the State of Louisiana and has sufficient contacts such that *in personam* jurisdiction may be exercised over **STATE FARM FIRE AND CASUALTY COMPANY** by this Court.

4.

On August 27, 2020, Hurricane Laura slammed into the Southwest Louisiana coast, devastating the area. The National Weather Service described the hurricane as "the strongest hurricane to affect to Southwest Louisiana, wind damage to buildings and trees was major to catastrophic across Cameron and Calcasieu parishes."[1] The weather tower at the Lake Charles Regional Airport showed a maximum sustained wind of 98 mph and a maximum wind gust of 133 mph.[2] Hurricane Laura caused

---

[1] Donovan Landreneau, *Hurricane Laura*, National Weather Service, NOAA, https://www.weather.gov/lch/2020Laura#:~:text=Laura%20reached%20a%20peak%20intensity,mercury)%20by%208%20PM%20CDT.&text=Laura%20finally%20weakened%20below%20hurricane,track%20data%20of%20Hurricane%20Laura.

[2] *Id*. at https://www.weather.gov/media/lch/events/2020Laura/Wind%20and%20Pressure%20Table%20(Ranked%20by%20Maximum%20Wind%20Gust).pdf

approximately $12 billion in property damage to Southwest Louisiana and Southeast Texas.[3]

5.

On October 9, 2020, while Southwest Louisiana was still recovering from Hurricane Laura, Hurricane Delta made landfall only twelve (12) miles to the east of where Hurricane Laura made landfall.[4] Delta made landfall as Category 2 storm, dumping approximately fifteen inches of rain in certain areas of Calcasieu Parish.[5]

6.

At all pertinent times, Petitioners were and are the owners of the property located at 1009 Royal Street, Lake Charles, Calcasieu Parish, Louisiana 70607.

7.

Petitioners' property on 1009 Royal Street, Lake Charles, Louisiana, Calcasieu Parish, Louisiana 70607, within the Western District of Louisiana, suffered severe damage as a result of Hurricanes Laura and Delta. As a result of these hurricanes, the property sustained extensive damages including, but not limited to, damages to the roof and gutters, vinyl siding, windows, interior and exterior water damage, and damage to the chain link fence.

8.

At the time of the hurricanes, Petitioners had in effect Homeowners insurance policy with **STATE FARM FIRE AND CASUALTY COMPANY**, covering damage from windstorms to the structure and other structures and contents located at 1009 Royal Street, Lake Charles, Calcasieu Parish, Louisiana 70607. Under the terms of the homeowners insurance policy Defendant, **STATE**

---

[3] Victoria Dodge, *Hurricane Laura: Louisiana's insured property damage ranges from $8 billion to $12 billion*, Lafayette Daily Advertiser, Aug. 31, 2020
https://www.theadvertiser.com/story/news/local/louisiana/2020/08/31/hurricane-laura-damage-estimates-up-12-billion-insured-losses/5657746002/
[4] Donovan Landreneau, *Hurricane Delta*, National Weather Service, NOAA, https://www.weather.gov/lch/2020Delta
[5] *Id.* at https://www.weather.gov/lch/2020Delta-Rainfall

**FARM FIRE AND CASUALTY COMPANY**, is bound to pay for any damages arising out of the windstorms/hurricanes that affect the property listed under the terms of the policy.

9.

Defendant was notified of the loss and was provided with satisfactory proof of Petitioners' loss when it was given full access to inspect all damages at the insured Property.

10.

An adjuster acting on behalf of **STATE FARM FIRE AND CASUALTY COMPANY** inspected the Property and documented damages to the dwelling and other structures of the Property. The adjuster was given full access to the Property and his/her inspection was not limited by Petitioners in any way.

11.

The inspection of the Property on behalf of **STATE FARM FIRE AND CASUALTY COMPANY** constituted satisfactory proof of loss as that term is used in conjunction with Louisiana's bad faith statues, La. R.S. §§. 22:1892 and 22:1973.

12.

The inspection of the Property was inadequate and did not accurately account for the full extent of the damages to the Property. Payments were issued to Petitioners based off the inadequate inspection.

13.

Petitioners were unable to make meaningful repairs to their Property with the insufficient proceeds remitted by **STATE FARM FIRE AND CASUALTY COMPANY.**

14.

Petitioners, at their own cost, acquired the services of their own adjuster to complete a thorough inspection of the damages caused by Hurricanes Laura and Delta and prepare an accurate,

complete, and correct estimate of damages.

15.

To date, and despite being provided with satisfactory proofs of loss, **STATE FARM FIRE AND CASUALTY COMPANY** has chosen to underpay the claims. Defendant is therefore in violation of La R.S. §§22:1892 and 22:1973.

16.

**STATE FARM FIRE AND CASUALTY COMPANY** failed to explain their denial or refusal to unconditionally tender the undisputed amount owed to Petitioners.

17

**STATE FARM FIRE AND CASUALTY COMPANY** failed to investigate or document their reasons for their denial or refusal to unconditionally tender the undisputed amount owed to Petitioners.

18.

As a result of **STATE FARM FIRE AND CASUALTY COMPANY'S** failure to timely and adequately compensate Petitioners for their substantial losses, the Property remains in a state of disrepair.

19.

Defendant, **STATE FARM FIRE AND CASUALTY COMPANY**, breached their duty to Petitioners under La. R.S. §§22:1892 and 22:1973 to adjust the claim fairly and promptly and to make a reasonable effort to settle Petitioners' claim. Specifically, Defendant, **STATE FARM FIRE AND CASUALTY COMPANY**, knowingly failed to pay the amount of the claim due to Petitioners under the insurance contract as required by Louisiana law after receipt of satisfactory proofs of loss from Petitioners, and Defendant's failure to do so was arbitrary, capricious, and without probable cause. **STATE FARM FIRE AND CASUALTY COMPANY** is liable in bad

faith for failure to deal fairly with their insured, and consequently liable to Petitioners for all damages under the law for property damages sustained by Petitioners due to Hurricanes Laura and Delta, as well as penalties and attorneys' fees pursuant to La. R.S. §22:1973.

20.

Upon information and belief, **STATE FARM FIRE AND CASUALTY COMPANY** mispresented to Petitioners the terms and conditions of the policy.

21.

Upon information and belief, **STATE FARM FIRE AND CASUALTY COMPANY** conducted the investigation and claims handling for the Petitioners' claims in bad faith as that term is used in conjunction with Louisiana's bad faith statutes La. R.S. §§22:1892 and 22:1973.

22.

Upon information and belief, **STATE FARM FIRE AND CASUALTY COMPANY** manipulated its pricing software to artificially suppress the cost of repairs below market value.

23.

Upon information and belief **STATE FARM FIRE AND CASUALTY COMPANY** purposely or negligently failed to include adequate overhead and profit in its estimates of damages.

24.

Petitioners have incurred and will incur additional expenses in restoring the Property due to **STATE FARM FIRE AND CASUALTY COMPANY'S** failure to timely compensate them for their substantial covered losses.

25.

As a result of Defendant, **STATE FARM FIRE AND CASUALTY COMPANY**, breaching its duties under Louisiana law, Petitioners have sustained and/or will sustain additional losses, including but not limited to property damage, loss of use, additional traumatic depreciation,

mental anguish, emotional distress, attorney's fees, and court costs.

26.

Petitioners re-allege and re-aver the allegations contained in paragraphs 1-25, above, as if restated herein.

27.

An insurance contract, the Policy, exists between Petitioners and **STATE FARM FIRE AND CASUALTY COMPANY**.

28.

The Policy provides coverage for perils including hurricanes.

29.

Despite having received satisfactory proofs of loss for damages caused by Hurricane Laura and Delta, **STATE FARM FIRE AND CASUALTY COMPANY** failed to timely tender adequate insurance proceeds as required by the Policy.

30.

**STATE FARM FIRE AND CASUALTY COMPANY** breached the policy when it failed timely tender adequate insurance proceeds after having received satisfactory proofs of a covered loss by way of the inspection completed by the adjuster on behalf of **STATE FARM FIRE AND CASUALTY COMPANY.**

31.

**STATE FARM FIRE AND CASUALTY COMPANY** breached the policy when it failed to timely tender adequate insurance proceeds after having received satisfactory proofs of a covered loss by way of the multiple demands submitted on behalf of the Petitioners.

32.

By mispresenting the terms and conditions of the Policy, **STATE FARM FIRE AND**

**CASUALTY COMPANY** breached the Policy.

33.

By failing to conduct the claims handling for Petitioners' claims in good faith and with fair dealings, **STATE FARM FIRE AND CASUALTY COMPANY** breached the Policy.

34.

By manipulating its pricing software to artificially suppress the cost of repairs below market value, **STATE FARM FIRE AND CASUALTY COMPANY** breached the Policy.

35.

By failing to include adequate overhead and profit in its estimate of damages, **STATE FARM FIRE AND CASUALTY COMPANY** breached the Policy.

36.

Petitioners have suffered and continue to suffer damages as a result of these breaches of the Policy.

37.

In addition to general and special damages which Petitioners are entitled to recover as a result of Defendant's, **STATE FARM FIRE AND CASUALTY COMPANY**, breach of its duties under Louisiana law, Petitioners are entitled to penalties which are allowed pursuant to statute.

38.

Petitioners re-allege and re-aver the allegations contained in Paragraphs 1-37 above as if restated herein.

39.

The actions and/or inactions of **STATE FARM FIRE AND CASUALTY COMPANY** in failing to timely and adequately compensate Petitioners for the covered losses under the Policy were arbitrary, capricious and without probable cause; as these terms are used in conjunction with

Louisiana's bad faith statutes La. R.S. §§22:1892 and 22:1973, making **STATE FARM FIRE AND CASUALTY COMPANY** liable for statutory bad faith penalties.

40.

Under La. R.S. §22:1973, an insurer owes a good faith duty and fair dealing to an insured and has an affirmative duty to adjust claims fairly and promptly, failing to pay a claim in a manner arbitrary, capricious or without probable cause is in violation of La. R.S. §22:1973.

41.

"[F]ailing to pay the amount of any claim due any person insured by the contract within sixty days after receipt of satisfactory proof of loss from the claimant when such failure is arbitrary, capricious, or without probable cause" is consider "bad faith" and is in violation of La. R.S. §22:1973.

42.

La. R.S. §22:1892 imposes bad faith penalties on insurers who fail to adequately pay claims following satisfactory proof of loss within thirty (30) days.

43.

**STATE FARM FIRE AND CASUALTY COMPANY** is in violation of La. R.S. §§22:1892 and 22:1973 for failing to provide Petitioners adequate payment in connection with their claim despite having received satisfactory proofs of loss following its own inspection of the Property and following its receipt independent proofs of loss from Petitioners.

44.

**STATE FARM FIRE AND CASUALTY COMPANY'S** misrepresentation of relevant facts and/or terms of the Policy was in bad faith.

45.

**STATE FARM FIRE AND CASUALTY COMPANY'S** failure to pay timely for

damages it knew, or should have known, existed at the time of the initial adjustment of the relevant claims was in bad faith.

46.

**STATE FARM FIRE AND CASUALTY COMPANY'S** failure to pay timely for damages it knew, or should have known, existed at the time it received the independent proofs of loss from Petitioners was in bad faith.

47.

**STATE FARM FIRE AND CASUALTY COMPANY'S** manipulation of its pricing software to artificially suppress the cost of repairs below market value was in bad faith.

48.

**STATE FARM FIRE AND CASUALTY COMPANY'S** failure to include adequate overhead and profit in its estimates of damages was in bad faith.

49.

**STATE FARM FIRE AND CASUALTY COMPANY'S** handling of Petitioners' claim was in bad faith.

50.

Petitioners re-allege and re-aver the allegations contained in Paragraphs 1-49 above as if restated herein.

51.

Defendant, **STATE FARM FIRE AND CASUALTY COMPANY**, has breached the insurance policy/contract as follows:

   a. Failure to pay the full amount of Petitioners' damages as required under the terms of the policy;

   b. Failure to adequately adjust Petitioners' property damages;

  c. Failure to comply with Louisiana Statutory laws regarding an insurer's duty to their insured in a case of property loss;

  d. Failure to pay a valid claim as required by Louisiana statutory law; and

  e. All other acts by **STATE FARM FIRE AND CASUALTY COMPANY**, which are prohibited by Louisiana statutory law.

52.

As a result of **STATE FARM FIRE AND CASUALTY COMPANY'S** breaches of contract, bad faith claims adjusting, and other bad acts, Petitioners have incurred the following, non-exclusive damages:

  a. Diminution in value of the Property;

  b. Actual repair costs;

  c. Reimbursement for personal repairs at Property;

  d. Actual cost related to personal property manipulation, cleaning, repair, and/or replacement;

  e. Damages to personal property/contents;

  f. Additional living expenses/loss of use expenses;

  g. Mental anguish;

  h. Penalties delineated in La. R.S. §§22:1892 and 22:1973; and

  i. Attorneys' fees, other professional fees, and litigation costs associated with the bringing of this action.

53.

The rights of Petitioners arise out of the activities of **STATE FARM FIRE AND CASUALTY COMPANY**, which occurred within the State of Louisiana, Parish of Calcasieu, and this court therefore has personal jurisdiction over Defendant, subject matter jurisdiction as to the

claims asserted herein, and further is a proper venue for these claims.

54.

**WHEREFORE**, Petitioners, **ALICE MANNING BOWERS and JOE BOWERS**, pray that **STATE FARM FIRE AND CASUALTY COMPANY** be served with a copy of this Complaint and be duly cited to appear and answer allegations contained therein, and that after expiration of all legal delays and due proceedings had, there be judgment herein in their favor and against Defendant, **STATE FARM FIRE AND CASUALTY COMPANY**, in just and reasonable sums as prayed for herein, including penalties and attorney fees, together with court costs, legal interest from date of judicial demand until paid, and for all other relief, both general and special, in law and in equity, to which they may show themselves justly entitled.

Respectfully Submitted by Their Attorneys,

**LARRY A. ROACH, INC.**

*/s/ Brooke A. Roach*
Brooke A. Roach (#38880)
Barry A. Roach (#21838)
2917 Ryan Street
Lake Charles, LA 70601
Phone:       (337) 433-8504
Fax :        (330) 433-3196
broach2@larryaroachinc.com